**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
In Admiralty – Newport News Division**

**TANGO MARINE S.A.,**

    **Plaintiff,**

                                  **Civil Action No.**

**v.**

**ELEPHANT GROUP LIMITED**

**ELEPHANT GROUP PLC**

    **Defendants,**

**and**

**SHINE BRIDGE GLOBAL INCORPORATED,**

    **Garnishee.**

**VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF
WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Tango Marine S.A. ("Tango" or "Plaintiff") brings this action against Defendants Elephant Group Limited and Elephant Group PLC (collectively, "Elephant Group"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

**Jurisdiction and Venue**

1.    This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    Venue is proper in this District because the Garnishee named herein is located and can be found in this District.  Defendants cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

3. Tango is a Marshall Islands corporation and has its principal place of business at Piraeus, Greece. At all times relevant to this action, Tango was the owner of the M/V TEAM TANGO (the "Vessel").

4. Elephant Group is one or more Nigerian corporation with its principal place of business at Lagos, Nigeria.

5. The Garnishee named herein is an entity registered to do business, and with agents authorized to accept service of process, in this District. On information and belief, the Garnishee holds property in which Elephant Group has an interest.

## Facts

6. The Vessel was chartered to carry a cargo of prilled urea (the "Cargo") owned by Elephant Group, from Ukraine to Lagos, Nigeria. Tango caused a bill of lading for the Cargo to be issued to Elephant Group.

7. Once the Vessel arrived at Lagos on 18 July 2016, however, the Vessel was detained and through no fault of Tango or the Cargo, prevented from unloading by Nigerian port authorities.

8. Following a number of Nigerian court proceedings in which Elephant Group sought to obtain permission to discharge and to prevent the Nigerian government from confiscating the Cargo, Tango learned that Elephant Group had failed to secure the appropriate license to permit discharge of the Cargo.

9. The Vessel was detained at Lagos for an extraordinary period of approximately two and one half years, when, on January 10, 2019, the Vessel finally was permitted to depart from Lagos.

10. As a result of Elephant Group's conduct, demurrage charges of at least USD 1,000,000 have accrued.

11. Tango also was forced to expend at least USD 200,000 to provide supplies and maintenance to the Vessel.

12. Elephant Group is therefore liable to Tango for damages of at least USD 1,200,000.

## Count I – Breach of Maritime Contract

13. Tango incorporates the above paragraphs as if fully set forth herein.

14. Elephant Group has breached its maritime contract with Tango as set out more fully above.

15. Despite repeated demand, Tango remains unpaid for amounts due as a result of Elephant Group's breach of maritime contract.

16. Tango demands judgment against Elephant Group as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

17. Tango incorporates the above paragraphs as if fully set forth herein.

18. Tango seeks issue of process of maritime attachment so that it may obtain security for its claims against Elephant Group and ultimately payment of those claims from the security.

19. No security for Tango's claims has been posted by Elephant Group or anyone acting on Elephant Group's behalf to date.

20. Elephant Group cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction.

WHEREFORE, Tango prays:

A. That process in due form of law issue against Elephant Group, citing Elephant Group to appear and answer under oath each and every one of the matters alleged in the Verified Complaint;

B. That since Elephant Group cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of

        Elephant Groups' tangible or intangible property or any other funds held by any garnishee, which are due and owing to Elephant Group, up to the amount of at least **USD 1,250,000** (principal damages of at least $1,200,000, $50,000 for interest, costs and attorneys fees) to secure Tango's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.      That Tango may be granted such other, further, and different relief as may be just and proper.

Respectfully submitted on November 22, 2019.

                                                    **TANGO MARINE S.A.,**

                                                    By: /s/ David N. Ventker
                                                    Of Counsel

David N. Ventker (VSB No. 29983)
Marissa M. Henderson (VSB No. 44156)
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510
Telephone: 757.625.1192
Facsimile: 757.625.1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com

J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone:    410-783-5795
Facsimile:    410-510-1789
jssimms@simmsshowers.com

*Attorneys for Tango Marine S.A.*

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District and also for any corporate registration of defendants in the Commonwealth of Virginia. There is no record of any general or resident agent authorized to accept service of process for Defendants in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2019.

/s/ J. Stephen Simms

_____

J. Stephen Simms