

FILED

JAN - 6 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Newport News Division**

| | | |
|---|---|---|
| **TANGO MARINE, S.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 4:19-cv-119** |
| | ) | |
| **ELEPHANT GROUP LTD., ELEPHANT GROUP P.L.C.,** | ) | **IN ADMIRALTY** |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **SHINE BRIDGE GLOBAL, INC.,** | ) | |
| | ) | |
| **Garnishee.** | ) | |

## OPINION & ORDER

This matter comes to the Court on Tango Marine, S.A.'s ("Plaintiff's") Motion for Maritime Attachment and Garnishment ("the Motion"), doc. 6, and Memorandum, doc. 7, and Supplemental Memorandum, doc. 12, in support thereof. As described herein, the Court **DENIES** the motion, with **LEAVE TO REFILE**, provided Plaintiff do so **and FILE AN AMENDED VERIFIED COMPLAINT** no later than **ten (10) days from the date of this Opinion and Order**.

## I. BACKGROUND

Plaintiff is the owner of the M/V TEAM TANGO ("the Vessel"). Doc. 1 at 2. Plaintiff contracted with Defendants to carry prilled urea in or around 2016. Id. When the Vessel arrived at her destination port in Lagos, Nigeria, she was detained by Nigerian authorities, allegedly because Elephant Group, Ltd. and Elephant Group, P.L.C., (collectively, "Defendants") failed to acquire appropriate paperwork. Id. According to the verified complaint, the Vessel was detained for two-and-a-half years while the Nigerian courts reviewed the matter. Id. The Vessel was

1

released on January 10, 2019. Id. Plaintiff seeks damages for this detention under a breach of maritime contract theory. Id. at 3.

Plaintiff requests that this Court issue a writ of attachment and garnishment on Shine Bridge Global Inc. (the "Garnishee") and any other property located within this District. Plaintiff alleges that Garnishee holds "property" in which Defendant has an interest. Id. at 2. According to the verified complaint, the Garnishee is registered to do business and has agents to receive process in this District. Id. at 2. The verified complaint does not identify what property is the target of the attachment, and the only basis that the verified complaint provides for concluding that such property is located within the District is Plaintiff's "information and belief."

On December 16, 2019, Plaintiff filed a Supplemental Memorandum. Doc. 12. In the Supplemental Memorandum, Plaintiff explains that Garnishee and Defendant are working together on a "high-quality cassava flour project" and cite to Garnishee's website. Id. According to the Supplemental Memorandum, the project involves over $9,000,000 in investment. Id. at 2. Plaintiff asserts that "[t]he apparent relation that [Garnishee] touts with [Defendant], however, supports [Plaintiff]'s good faith belief that accounts apparently are owing from [Defendant] to [Garnishee]." Id. at 3.

Given the nature of this case, Defendants have not yet been served or appeared on this matter.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule B ("Rule B"), a district court must review the verified complaint and affidavit accompanying the complaint, and,

if the Rule B conditions exist, the Court should issue an order stating that the Rule B conditions exist and authorizing maritime attachment[1] process. Rule B(1)(b).

Rule B provides for quasi in rem jurisdiction; that is, where a defendant cannot be served in the forum district, he may nevertheless be subject to the Court's authority if he owns personal property located within the forum district. Woodlands Ltd. v. Nationsbank, N.A., 164 F.3d 628, 1998 WL 682156, at *4 (4th Cir. 1998) (Table) ("In a Rule B attachment case, jurisdiction is derived from the attachment of the property of the defendant. A Rule B attachment case is, therefore, a quasi in rem action instituted for the purpose of (1) asserting jurisdiction over the defendant in personam through the property and (2) to assure satisfaction of any judgment.").

Accordingly, for a maritime attachment to issue, the following conditions must be met: (1) that the party seeking to effect attachment has a prima facie valid admiralty claim, (2) defendant cannot be located within the district, (3) defendant owns tangible or intangible personal property located within the district, (4) there is no statutory or maritime bar to the attachment. Rule B(1)(A); Vitol, S.A. v. Primerosa Shipping Co. Ltd., 708 F.3d 527, 541 (4th Cir. 2013); Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006), abrogated on other grounds by Shipping Corp. of India Ltd. v. Jalhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009); Evridiki Navigation, Inc. v. Sanko S.S. Co. Ltd., 880 F. Supp. 2d 666 (D. Md. 2012); accord THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21:3 (6th ed. November 2019 Update). Attachment of debts is permissible, where defendant's right to the debt is "clear." Novoship (UK)

---

[1] Maritime attachment is an ancient procedure that has long been recognized as a manner of asserting jurisdiction over a non-present defendant, given the transitory nature of maritime parties and assets. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 437-38 (2d Cir. 2006), abrogated on other grounds by Shipping Corp. of India Ltd. v. Jalhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009). The process is used to secure jurisdiction and judgment satisfaction for in personam maritime claims, as opposed to in rem maritime claims.

Ltd. v. Ruperti, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008) (quoting Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 276 (2d Cir. 2002)).

This District, by local rule, defines a defendant who cannot be located within the district as one on whom service of process cannot be effected in person or by agent, or as to whom the only effective service is through the Clerk of the State Corporation Commission, the Secretary of Commonwealth, or the Virginia Long Arm Statute. Loc. R. Admiralty (b)(1).

In order to obtain an attachment, the plaintiff must plead legally sufficient facts to support a conclusion that it is entitled to an attachment. DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co. Tankschiff KG v. Essar Capital Ams. Inc., 882 F.3d 44, 50 (2d Cir. 2018), Peninsula Petroleum Ltd. v. New Econ. Pte Ltd., 2009 U.S. Dist. LEXIS 24470, 2009 WL 702840 (S.D.N.Y. March 17, 2009), accord THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21:3 (6th ed. November 2019 Update) ("Maritime attachments are granted on the pleadings. Thus, [i]n order to prevail in a contested Rule B attachment, the plaintiff must allege legally sufficient facts and not merely conclusory allegations. The facts must be plausible on their face, and the identification of the attached or garnished property should be clearly and unequivocally stated. If the allegations are not specific, the district court may deny the motion for attachment."). However, the correct pleading standard is not clear, especially as to how specific a plaintiff must plead the existence of, and identify, property in the District. Compare Fed. R. Civ. P Supp. Admiralty R. E(2)(a) ("Rule E") (pleadings must be pleaded "with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."), with Peninsula Petroleum, 2009 WL 702840, at *1 (describing rule E as a "more stringent standard" than that required by rule 8 of the Federal Rules of Civil Procedure), with Vitol SA, 708 F.3d at 541 n.10 (indicating that Twombly and Iqbal may have

altered rule E's "heightened" standard but declining to hold as much), with DS-Rendite, 882 F.3d at 50 (applying the Twombly pleading standard to an ex parte motion for maritime attachment), with Wight Shipping, Ltd. v. Societe Anonyme Marociane de L'Industrie Du Raffinage, S.A., No. 08 Civ. 10169, 2008 U.S. Dist. LEXIS 106420, at *6 (S.D.N.Y. Nov. 24, 2008) (in an ex parte petition for maritime attachment, "more is required to demonstrate a 'plausible' entitlement to a maritime attachment than a conclusory allegation that Defendant 'is believed to have or will have property' in this District."). This Court does not need to attempt to resolve that issue, because, even under the lower Twombly and Iqbal pleading standard,[2] Plaintiff's pleading fails to adequately plead entitlement to a maritime attachment.

## III. DISCUSSION

Here, it appears from the face of the papers that Plaintiff has, at this stage, sufficiently pleaded that it has a valid, maritime claim, Defendants cannot be located within this District, and that there is no maritime or statutory bar to the attachment. These initial observations may be revisited in a subsequent Rule E proceeding.

However, there is insufficient factual pleading as to whether Defendants own property within this District or that Garnishee is in possession of property in which Defendants have an interest. Accordingly, an attachment cannot issue at this time.

The only indications contained in the verified complaint that Defendant owns property in this District are two sentences: "On information and belief, the Garnishee holds property in which [Defendant] has an interest," id. at 2, and Defendant "is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction." Id. at 3. The verified

---

[2] The Court is, of course, referring to the "plausibility" standard articulated by the Supreme Court of the United States in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). That standard is: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.

complaint contains no identification of the supposed property held by Garnishee. Contrary to Plaintiff's assertion that its verified complaint "set[s] out enough facts to state a claim to relief that is plausible on its face and that Garnishee holds property," doc. 7 at 3, the conclusory allegations of the verified complaint that "on information and belief" Garnishee holds property in which Defendants have an interest fall short of adequately pleading entitlement to a maritime attachment.

In its unverified, initial memorandum supporting its motion for an attachment, Plaintiff refers to "accounts payable." Doc. 7 at 5. [3] The verified complaint and initial memorandum contain no indication of the nature of any business relationship between Garnishee and Defendant, or the amount of the "accounts payable." See id.

The Peninsula Petroleum court denied attachment for lack of sufficient pleading where the movant did not name any particular garnishee but stated that plaintiff "believed" property – electronic funds – owned by Defendant would pass into the district, because the defendant frequently used electronic funds transfers which must pass through New York. Peninsula Petroleum Ltd. v. New Econ. Pte Ltd., 09 Civ 1375, 2009 U.S. Dist. LEXIS 24470, at *4 (S.D.N.Y. March 17, 2009). The court held that the verified complaint must meet the plausibility standard of Twombly and Iqbal. Id. The court indicated that "Plaintiff's 'information and belief' allegation does not provide a sufficient factual basis" to show that defendant will have property in the district. Id. at *9. Thus, the court found that the Peninsula Petroleum plaintiff's pleading was speculative as to whether property owned by that defendant was or would be present in that district. Id., accord DS-Rendite, 882 F.3d at 50 (2d Cir. 2018) (favorably citing and quoting Peninsula Pentroleum and stating: "[m]ore is required to demonstrate a 'plausible' entitlement to a maritime attachment than [] conclusory allegations . . . To meet that standard some identification of the 'property' is

---

[3] Plaintiff also prays that the Court will authorize the attachment of property "as defined in the Verified Complaint." Doc. 7 at 5. Yet, the verified complaint does not define any property.

needed.") (affirming a district court's denial of a motion for attachment, because the pleadings insufficiently identified property held in the district).

Much like the <u>Peninsula Petroleum</u> and <u>DS-Rendite</u> cases, Plaintiff in this case only states that on "information and belief" the named Garnishee holds "property" in which Defendant has an interest. From that alone it does not appear that the Court could find that Garnishee holds property owned by Defendant. Although Plaintiff's initial brief in support of its motion identifies "accounts receivable" there is no such identification in the verified pleadings. Therefore, the instant pleadings are insufficient to sustain an attachment at this time.

In two recent cases in which this Court has granted Rule B attachments, the plaintiffs provided a verified pleading that provided some identification of the property at issue and explained the basis for the plaintiffs' belief that the property was, or would be, in the District. <u>Oceanstar Maritime Co. v. Norvic Shipping Int'l Ltd.</u>, 2:18-cv-275, Doc. 1 at 7-8 (E.D. Va. May 23, 2018) (bunkers and payments for bunkers), <u>Aquavita Int'l, S.A. v. C Transport Panamax BV</u>, 4:12-cv-2, Doc. 1 at 5 (E.D. Va. Jan. 3, 2012) (bunkers and payments for bunkers). That is absent from the instant pleadings.

On December 16, 2019, Plaintiff filed a Supplemental Memorandum to further explain its motion. Doc. 12. The Supplemental Memorandum, if accepted as true, clarifies the business relationship between Garnishee and Defendant; however, it suffers from two (2) defects: (1) the Supplemental Memorandum is not verified pleading, and (2) the Supplemental Memorandum does not provide a sufficient basis to conclude that Garnishee holds property in which Defendant has an interest.

First, the Supplemental Memorandum is not a verified pleading. In Rule B proceedings, such as this one, complaints must be verified. Rule B(1). Courts review the verified papers to

7

conclude whether the maritime attachment is appropriate, at Rule B's instruction that "[t]he court must review the complaint and affidavit . . . ." Rule B(1)(b); e.g., DS-Rendite, 882 F.3d at 50 ("the present complaint fails to meet that standard.") (emphasis added), 50 n.3 ("we assume the allegations contained only in appellant's briefs and not their complaint are properly before us. They are not.") (citing cases which hold that allegations that must be sworn cannot be raised in an unsworn memorandum and stating the four corners rule for reviewing pleading sufficiency), 51 (reviewing the complaint); Vitol SA, 708 F.3d at 541-49 (reviewing a verified complaint for sufficiency in a rule B matter); Peninsula Petroleum, 2009 WL 702840 (reviewing the complaint in a rule B matter); THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21:3 (6th ed. November 2019 Update) ("Maritime attachments are granted on the pleadings.") (emphasis added). Thus, while there is a relative ease with which attachments may be granted, certain procedural protections must be observed. DS-Rendite, 882 F.3d at 49 ("[T]he pleading requirements under Rule B are said to be easily met . . . However, there are limits to the ease of attachment under Rule B.") (going on to hold that conclusory allegations as to the property located within the district are insufficient to support an attachment). These protections include pleading, to at least the Twombly and Iqbal pleading standard, in a verified complaint that a defendant has an interest in property that is located within the district. Accordingly, the Court **FINDS** that the verified allegations in this case are insufficient to support a maritime attachment.

Second, the Supplemental Memorandum does not explain that a debt is owed to Defendant or that Garnishee otherwise holds property in which Defendant has an interest (neither does the verified complaint). The Supplemental Memorandum explains that Defendant and Garnishee are partners and are working together on a flour project. However, it does not explain that Garnishee

8

owes money to Defendant or that Garnishee holds accounts receivable in which Defendant has an interest. The Second Circuit recently rejected a similar argument.

In <u>DS-Rendite</u>, the district court denied plaintiff's <u>ex parte</u> motion for maritime attachment, because the papers were insufficient to support a finding that the defendant held property in that district. 882 F.3d at 47, 50-51. The plaintiff filed a brief supporting a motion for reconsideration that stated: "given that Defendants are subsidiaries or affiliates of Essar Group, and the Garnishees are also subsidiaries or affiliates of Essar Group, it is highly likely that the Garnishees owe money to Defendants, and thus have attachable assets within this District." <u>Id.</u> at 51. The Second Circuit observed that, even assuming that were true: "it does not follow that there is a specific entitlement of one of the defendants to a debt owed by a garnishee, . . . much less a debt that would be in the possession of the garnishee 'at the time the order is served.'" <u>Id.</u> That court held, "entitlement to an attachment must be based on more than a conclusory allegation that, on the basis of general industry practices, it is anticipated and expected that Defendants will have property in this District [in the possession] of . . . garnishees during the pendency of the requested order." <u>Id.</u> (internal quotations omitted). The court also noted that the complaint did not contain any of those factual allegations. <u>Id.</u>

Here, the Supplemental Memorandum (does not explain (1) the nature of that partnership or (2) how being partners means that Garnishee holds property in which Defendant has an interest. It does not follow that, just because these entities work together, Garnishee owes money to Defendant. While debts are attachable assets under Rule B, the Defendant's right to the debt must be "clear," <u>Novoship</u>, 567 F. Supp. 2d at 505, and be pleaded with more specificity than conclusory allegations. <u>E.g.</u>, <u>DS-Rendite</u>, 882 F.3d at 51.

## IV. CONCLUSION

Accordingly, the Court **FINDS** that the current state of the record remains insufficient to grant a rule B attachment. Therefore, the Court **DENIES** the motion for attachment, with **LEAVE TO RE-FILE no later than ten (10) days from the date this Opinion and Order is entered**, provided that Plaintiff **AMEND** its verified complaint and file a new motion – which does not raise additional facts not contained in the verified complaint – **no later than ten (10) days from the date this Court's Opinion and Order is entered.**

Further, the Court **HOLDS PLAINTIFF'S MOTION FOR APPOINTMENT FOR SERVICE**, doc. 8, **IN ABEYANCE**.[4]

The Clerk is **REQUESTED** to distribute a copy of this Opinion and Order to counsel of record.

It is **SO ORDERED**.

Norfolk, Virginia
_____, 2020

/s/
_____
Coke Morgan, Jr.
United States District Judge
_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] It appears that the relief sought by the motion for appointment of service is appropriate, in the event that an attachment is granted. Rule B(1)(d)(ii) ("If the property is other tangible or intangible property [as opposed to a vessel or property on board a vessel], the summons . . . must be delivered to a person or organization authorized to serve it, who may be . . . (C) someone specially appointed by the court for that purpose."). However, because the Court denies the motion for an attachment without prejudice as described herein, the motion for substitute service is moot at this time.